IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BRAD S. BARANOWSKI,

          Petitioner,

v.                                                          Case No. 20-cv-01252-NJR

DOUGLAS LUETH, *et al.*,

          Respondents.

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

    Petitioner Brad S. Baranowski is currently being detained pretrial in the Randolph County Jail, and he brings this *pro se* habeas action pursuant to 28 U.S.C. § 2241 (Doc 1). Baranowski appears to allege a number of procedural flaws in the course of his indictment and prosecution, as well as issues surrounding the conditions of his current detention.

    This matter is now before the Court for preliminary review. Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply the rules to other habeas corpus cases, including those brought under § 2241.

    After carefully reviewing the petition in this case, the Court finds that Baranowski is not entitled to relief, and the petition is dismissed without prejudice. A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a prisoner is challenging the

fact or duration of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973). Under the abstention doctrine in *Younger v. Harris*, 401 U.S. 37 (1971), a federal court will only intervene with pending state judicial proceedings under "special circumstances." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973); *Sweeney v. Bartow*, 612 F.3d 571 (7th Cir. 2010). Such special circumstances are generally limited to issues of double jeopardy and speedy trial. *Braden*, 410 U.S. at 489-92; Sweeney, 612 F.3d at 573. Moreover, in the interest of comity between federal and state courts, a habeas petitioner must exhaust his state court remedies before seeking relief in federal court. *Braden*, 410 U.S. at 490-92.

Here, Baranowski is being held pretrial. A review of the docket in his case in the Circuit Court of Randolph County, Illinois, indicates that he is scheduled for a jury trial in July 2021. *See* Case No. 2020CF247. As Baranowski's claims do not appear to involve special circumstances that would justify an exception to *Younger* abstention, the Court is not inclined to interfere with the jurisdiction of the state trial court. Even after his state proceeding is completed, Baranowski would first have to exhaust his state remedies by completing an appeal before seeking relief in federal court. The Court also notes that Baranowski's claims regarding the conditions of his confinement are not properly addressed in a habeas action. Baranowski has separately filed a civil rights action under 42 U.S.C. § 1983 in *Baranowski v. Lueth*, Case No. 20-cv-01233, and that action is the appropriate vehicle for bringing claims related to conditions of confinement.

In short, the petition presents no colorable claims for this Court to intervene on and does not survive preliminary review.

**IT IS HEREBY ORDERED** that, for the reasons set forth above, the petition is **DISMISSED without prejudice.**

If Baranowski wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal in forma pauperis should set forth the issues Baranowski plans to present on appeal. See FED. R. APP. P. 24(a)(1)(C). If Baranowski does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prisoner trust fund account records for the past six months) irrespective of the outcome of the appeal. See FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.[1] It is not necessary for Baranowski to obtain a certificate of appealability from this disposition of his § 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

DATED:   March 2, 2021

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

---

[1] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. FED. R. CIV. P. 59(E).